# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **Coronavirus Reporter Corporation, Calid Inc.**<br><br>*on behalf of themselves and all others similarly situated.*<br><br>      Plaintiffs,<br><br>v.<br><br>**Apple Inc.**<br><br>      Defendant. | **DECLARATION OF MARK ROLLINS IN SUPPORT OF APPLE INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**<br><br>Civil No. 24-CV-00053 |

I, Mark Rollins, declare as follows:

1.    I am over 18 years of age and competent to make this declaration. I am employed as a Senior Finance Manager at Apple Inc. ("Apple"), and my primary place of work is Cupertino, California. I have been employed by Apple since 2019.

2.    I provide this declaration in support of Apple's Motion to Transfer Venue to the Northern District of California in the above-captioned case. Unless otherwise indicated below, the statements made in this declaration are based on my personal knowledge, my review of corporate records maintained by Apple in the ordinary course of its business, and/or my discussions with Apple employees. If called to testify as a witness in this matter, I could and would testify competently and truthfully to each of the statements in this declaration under oath.

3.    Apple is a California corporation and was founded in 1976. Apple is a global business headquartered in Cupertino, California, which is in the Northern District of California. I

understand that the Northern District of California includes the following counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake County, Marin, Mendocino, Monterey, Napa, San Benito, San Francisco, San Mateo, Santa Clara, Santa Cruz, and Sonoma. Apple's management and primary research and development facilities are located in or near Cupertino, including surrounding cities such as Sunnyvale, all of which are located in the Northern District of California. The primary operation, marketing, sales, and finance decisions for Apple also occur in or near Cupertino.

4. I understand that Coronavirus Reporter Corporation and Calid Inc. ("Plaintiffs") filed the above-captioned lawsuit against Apple in the United States District Court for the District of Wyoming. I have reviewed the Complaint filed by Plaintiffs on March 5, 2024. I understand that Plaintiffs allege that Apple violated Section 1 and 2 of the Sherman Act by allegedly declining to approve Plaintiffs' proposed iOS application ("app") named "Coronavirus Reporter" for distribution through Apple's iOS App Store (the "App Store"). I also understand that Plaintiff alleges that Apple's Developer Program License Agreement ("DPLA") unreasonably restrains trade.

5. A third-party developer who wishes to distribute apps on Apple's App Store, such as Plaintiffs, must agree to the DPLA. Developers review the DPLA through an online portal within their developer account and execute the agreement by clicking a button within the portal indicating that they agree to the terms of both agreements. Apple instructs developers, in bold and capitalized letters, to read each agreement before executing it.

6. Calid Inc. is the developer of record for the Coronavirus Reporter app.

7. Calid Inc. first executed the DPLA on April 24, 2017. Calid Inc. has accepted new versions of the DPLA on nine occasions since then, and last accepted the DPLA's terms on January 29, 2024.

8. Attached to this declaration as **Exhibit A** is a true and correct copy of the DPLA to which Calid Inc. agreed on January 29, 2024.

9. As further set forth below, Apple employees responsible for setting the policy governing review of proposed iOS applications are based in the Northern District of California. None of those employees is based in Wyoming. All United States employees responsible for reviewing iOS apps, communicating the rejection of such apps, and handling appeals from such rejection (generally, "App Review") also work in the Northern District of California; none are based in Wyoming. I understand that working and electronic files related to App Review are generated primarily in the Northern District of California, and none are generated in Wyoming. These documents reside primarily on local computers located in California or on servers accessible in California only by Apple employees.

10. The App Store Review Guidelines ("the Guidelines") provide the rules and requirements relating to Apple's review of apps for possible publication on the App Store. The head of the App Review team, which is responsible for reviewing apps submitted for inclusion in the App Store for conformity with the App Store Review Guidelines, works within the Northern District of California.

11. All members of the Executive Review Board ("ERB"), which is responsible for setting App Store policies and guidelines, including those policies requiring developers to comply with the Guidelines and prohibiting third-party app stores, are based within the Northern District of California.

12. I am knowledgeable about Apple's sales and financial information concerning Apple's products and services related to Plaintiff's allegations. My primary workplace is in the Northern District of California. The primary place of work for employees on my team is in the Northern District of California. Documents concerning sales and financial information for these products and services reside on local computers and/or servers either located in or around the Northern District of California or accessible in the Northern District of California. Neither I nor any employee on my team is located in Wyoming. I have never traveled to Wyoming in connection with my work on this team. None of my team members works with any individuals located in Wyoming with respect to financials relevant to the Apple products and services in this matter.

13. As of the date of this declaration, Apple operates over 270 retail stores in the United States, more than 50 of which are in California, including 19 stores in the Northern District of California. Apple has no retail stores in Wyoming. Apple also maintains no other business offices or facilities in Wyoming. To the extent that any of Apple's relevant products are sold in Wyoming, they are and were sold nationwide, and are not offered in any manner or degree differently than they are offered elsewhere.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 28, 2024, in Cupertino, California.

_____
Mark Rollins